1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAVID B. TURNER, JR.,
Inmate No. 15780644,

Plaintiff,

vs.

USA HOUSING RIGHTS; SAN DIEGO
HOUSING COMMISSION; HUD,

Defendants.

Case No.     15cv2968 BTM (KSC)

**ORDER:**

**(1)  DENYING MOTION TO
PROCEED *IN FORMA PAUPERIS*
AS BARRED BY 28 U.S.C. § 1915(g)
(ECF Doc. No. 2);**

**AND**

**(2)  DISMISSING CASE FOR
FAILURE TO PAY FILING
FEE REQUIRED BY
28 U.S.C. § 1914(a)**

        Plaintiff, David B. Turner, Jr., an inmate currently incarcerated at the George Bailey
Detention Facility located in San Diego, California and proceeding pro se, has filed this civil
rights action.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the
time he filed his Complaint; instead, he submitted a Motion to Proceed *In Forma Pauperis*
("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4).

/ / /

I.      **PLAINTIFF'S MOTION TO PROCEED IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.   APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). This Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)   *Turner v. Metropolitan Transit System, et al.*, Civil Case No. 09-0770 L (POR) (S.D. Cal. Nov. 11, 2009) (Order denying amended motion to proceed *in forma pauperis* and dismissing amended complaint for failing to state a claim) (strike one);

2)   *Turner v. Corporal Saunder, et al.*, Civil Case No. 13-1368 MMA (DHB) (S.D. Cal. June 18, 2013) (Order dismissing action as frivolous and denying motion to proceed *in forma pauperis* as moot) (strike two); and

3)   *Turner v. County of San Diego, et al.*, Civil Case No. 13-2288 LAB (RBB) (S.D. Cal. Nov. 12, 2013) (Order granting motion to proceed *in forma pauperis* and dismissing complaint for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing

the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III.    CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby:

(1)    DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 4) as barred by 28 U.S.C. § 1915(g);

(2)    DISMISSES this action sua sponte without prejudice for failing to prepay the $400 filing fee pursuant to 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  February 24, 2016

BARRY TED MOSKOWITZ, Chief Judge
United States District Court